IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| METLIFE INVESTORS USA INSURANCE COMPANY, § § § Plaintiff, § § v. § § REGIONALD J. CHARLTON, JAMES § JOSEPH HAYNES, and VELINA § HAYNES JOHNSON, § § Defendants. § | C.A. No. 4:13-CV-387 |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff MetLife Investors USA Insurance Company ("MLIUSA"), by and through its attorney, and for its Complaint in Interpleader states:

## PARTIES

1. **MLIUSA.** MLIUSA is a corporation organized under the laws of the State of Delaware, with its principal place of business in Irvine, California.

2. **Charlton.** Defendant Regionald J. Charlton ("Charlton") is, upon information and belief, a citizen of Texas, who resides at 18002 Kirk Forest Court, Humble, Texas 77346. Charlton was the spouse of Marie Annette Charlton (the "Decedent").

3. **Haynes.** Defendant James Joseph Haynes ("Haynes") is, upon information and belief, a citizen of Texas, who resides at 6548 Hudnall Road, Orange, Texas 77632. Haynes was the Decedent's brother.

4. **Johnson.** Defendant Velina Haynes Johnson ("Johnson") is, upon information and belief, a citizen of Texas, who resides at 5775 Alece Lane, Beaumont, Texas 77713. Johnson was the Decedent's sister.

## JURISDICTION AND VENUE

5. **Jurisdiction.** The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201. This is an interpleader action to deposit life insurance proceeds into the Court's registry and obtain a declaration of the party or parties entitled to receive those proceeds. MLIUSA is a citizen of New York; Charlton, Haynes, and Johnson (collectively, "Defendants") are citizens of Texas; and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. **Venue.** Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as Defendants all reside in this district.

## CAUSE OF ACTION IN INTERPLEADER

7. **The Policy.** On March 19, 2009, MLIUSA issued its term life insurance policy no. 209 065 485 US (the "Policy"), which had (at the time of its issuance) a $500,000 face amount and was on the Decedent's life. In her application for the Policy, the Decedent designated Charlton as the primary beneficiary and Johnson and Haynes as the contingent beneficiaries. The "Owner and Beneficiary" section of the Policy provided:

> **Beneficiary**
>
> The Beneficiary is the person or persons to whom the policy proceeds are payable when the Insured dies. The Beneficiary is named in the Application (see copy attached); but the Beneficiary can be changed before the death of the Insured. You may name a Contingent Beneficiary who would become the Beneficiary if the Beneficiary dies before the Insured dies. The Beneficiary has no rights in the Policy until the death of the Insured. A person must survive the Insured to qualify as Beneficiary. If none survives, the proceeds will be paid to the Owner. The Beneficiary can also be a corporation, a partnership, a fiduciary or any other legal entity.
>
> **Change of Owner or Beneficiary**
>
> A change of Owner or Beneficiary must be in written form satisfactory to the Company, and must be dated and signed by the Owner who is making the change. The change will be subject to all payments made and actions taken by the

Company under the Policy before the signed change form is recorded at our Home Office or other office designated by the Company.

8. **The Beneficiary Changes.** In May 2009, the Decedent signed the Change of Beneficiary by Policy Owner form, in which she designated Charlton as the primary beneficiary and her minor daughters as the contingent beneficiaries (with Haynes to serve as their custodian under the Texas Uniform Transfers/Gifts to Minors Act). In May 2012, the Decedent signed the Life Insurance Change of Beneficiary form, in which she designated Haynes and Johnson as the primary beneficiaries.

9. **The Payment of Acceleration of Death Benefits.** In July 2012, the Decedent signed the Enrollment Form For The Acceleration of Death Benefits Rider, in which she requested MLIUSA add the Acceleration of Death Benefits Rider (the "ADBR") to the Policy. MLIUSA complied with her request. By November 2012, the Decedent was terminally ill with cancer, and she sought the maximum amount of benefits payable under the ADBR. That same month, MLIUSA sent the Decedent a check in the amount of $239,245.92, which payment served to reduce the face amount under the Policy to $250,000.

10. **The Decedent's Death.** On December 2, 2012, the Decedent died. Since the Decedent died within 60 days of the ADBR payment, MLIUSA reversed the policy benefit discount and premium deduction it had made from its payment to her, resulting in a death benefit (when a premium refund was also taken into account) of $260,772.78 (the "Policy Proceeds"). On or about December 17, 2012, MLUSA received claim forms and a copy of the Decedent's death certificate from Haynes and Johnson, who were (according to MLIUSA's records) the primary beneficiaries. MLIUSA thus issued and delivered checks in the amount of $130,498.92 (which included interest that had accrued since the Decedent's death) to both Haynes and Johnson.

11.     **The Competing Claims.**  In the meantime, however, MLIUSA also received a claim form and a copy of the Decedent's death certificate from Charlton, who claimed all of the Policy Proceeds.  By letter dated December 21, 2012, Patricia Garcia Billings, a Houston-area attorney, informed MLIUSA:

> Please be advised that this office has represented Mr. Charlton in the above referenced matter until Mrs. Charlton's death on December 2, 2012.  The divorce was never finalized and this case is now moot. Mr. Charlton is the surviving spouse of Mrs. Marie Hayes [sic] Charlton.
>
> During the marriage of the parties and the subsequent divorce proceeding, Mr. and Mrs. Charlton owned life insurance policies.  Each spouse named the other spouse as beneficiary on their respective life insurance policy.
>
> The divorce was filed on or about May 7, 2012 and a temporary restraining order was signed by the court enjoining the parties from changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or the parties' children.  The court subsequently signed Temporary Orders on July 20, 2012 with the identical injunctions.
>
> ***
>
> We have now been informed that Metlife distributed the life insurance proceeds of life insurance police [sic] no. 209 065 485 US to other beneficiaries namely Jim Haynes and Velina Haynes Johnson, siblings of the decedent. The change of the beneficiary was accomplished after Mrs. Charlton was enjoined from doing so by the aforementioned court orders. Mr. Charlton as the named beneficiary and surviving spouse is the rightful owner of the life insurance proceeds.
>
> ***
>
> At this time, we request that Metlife stop payment on any and all checks distributing life insurance proceeds for policy no. 209 065 485 US.  We further request that Metlife deposit the funds with the registry of the probate court in Harris County, State of Texas, until the court decides who the rightful owner of the disputed funds is of said life insurance proceeds.

(Footnotes omitted.)  MLIUSA thus stopped payment on the checks it had sent to Haynes and Johnson.

12.     If the Court were to determine that the May 2012 beneficiary designation is valid, then the Policy Proceeds will be payable to (in equal shares) to Haynes and Johnson.  On the

other hand, if the Court were to determine that the May 2012 beneficiary designation is not valid, then the Policy Proceeds will be payable to Charlton.

13. MLIUSA cannot determine the proper beneficiary of the Policy Proceeds without the risk of exposing of itself to multiple liability.

14. As a mere stakeholder, MLIUSA has no interest in the Policy Proceeds (except to recover its attorney's fees and court costs). MLIUSA thus respectfully requests that the Court determine to whom the Policy Proceeds should be paid.

15. MLIUSA is ready, willing, and able to pay the Policy Proceeds, in accordance with the terms of the Policy, in such amounts and to whichever Defendant or Defendants the Court shall designate.

16. MLIUSA will deposit into the Court's registry the Policy Proceeds, plus any applicable interest due and owing under the terms of the Policy, for disbursement in accordance with the Court's judgment.

## REQUEST FOR RELIEF

17. **Prayer.** MLIUSA respectfully requests that the Court:

(a) Restrain and enjoin Defendants from instituting any action or proceeding in any state or United States court against MLIUSA for the recovery of the Policy Proceeds;

(b) Require that Defendants litigate or settle and adjust between themselves their claims for the Policy Proceeds, or upon their failure to do so, that the Court determine to whom the Policy Proceeds, plus any applicable interest, should be paid;

(c) Permit MLIUSA to pay into the Court's registry the Policy Proceeds, plus any

      applicable interest;

(d)    Dismiss MLIUSA with prejudice from this action and discharge MLIUSA from any further liability upon payment of the Policy Proceeds, plus any applicable interest, into the Court's registry;

(e)    Award MLIUSA its attorney's fees and court costs; and

(f)    Award MLIUSA all such other and further relief as the Court deems just equitable and proper.

Respectfully submitted,

By: /s/ Andrew C. Whitaker
    Andrew C. Whitaker
    State Bar No. 21273600
    andrew.whitaker@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR PLAINTIFF
METLIFE INVESTORS USA INSURANCE COMPANY